### EDWARD F. HARTY, RESPONDENT, *v.* ALICE C. DOYLE, APPELLANT, AND OTHERS.

*Construction of repugnant provisions in a deed — the intent of the parties must be ascertained — a fraudulent exercise of a power of sale is void.*

Upon the trial of an action of partition, brought by one of the children of Timothy Harty, who died on February 17, 1886, it appeared that on August 1, 1882, in consideration of $1,735 due from Timothy Harty to his daughter, Alice C. Doyle, he conveyed to her, by a quit-claim deed, containing the usual habendum clause, a lot on which the grantor and grantee then lived, and continued to live, until the time of the death of the grantor. Immediately succeeding the description of the subject of the grant there was a provision in the deed of which the following is a copy: "And the party of the first part reserves the right and has the power to alienate or mortgage the above-described premises, or any portion thereof, during his lifetime, it being the intention of the parties hereto to convey to the party of the second part the remainder of the property herein described, provided the party of the first part fails to execute the within power."

October ninth Timothy Harty quit-claimed the premises to George W. Driscoll, who, on the same date, quit-claimed them to Robert Drake, who, on the same

day, quit-claimed them to Harty; the three deeds being recorded on October 10, 1883, and no consideration passing between the parties to either of the deeds.

*Held,* that it must be assumed that the deed from Harty to his daughter was executed for the purpose of paying or securing the indebtedness of the grantor to the grantee, and that by the word "remainder" the parties or their draughtsman intended to describe what would be left of the property after paying this indebtedness, and that the power to mortgage or alienate all or any part of the premises was intended to be subject to the grantee's interest; but if the power was not exercised the grantee was to have the entire premises at the death of the grantor.

That Timothy Harty did not, by the three deeds of October 9, 1883, divest himself of the premises, nor did he intend to, but intended to destroy the interest of his daughter and vest the entire estate in himself; that this attempted execution of the power was fraudulent, and was void in law and equity.

APPEAL from a decision of the court and an interlocutory judgment, entered thereon in the Onondaga county clerk's office on the 5th day of March, 1888, directing the sale of the premises described in the complaint.

August 1, 1882, in consideration of $1,735, Timothy Harty, conveyed to his daughter, Alice C. Doyle, a house and lot. The court found that the recited consideration represented a debt due from the grantor to the grantee. The deed was a quit-claim and was duly recorded August 2, 1882. At the date of the deed the grantor and grantee lived together on the lot, and they continued to so reside thereon until February 17, 1886, when the grantor died intestate. Immediately succeeding the description of the subject of the grant there was a provision in the deed, of which the following is a copy: " But the party of the first part reserves the right and has the power to alienate or mortgage the above-described premises, or any part or any portion thereof, during his lifetime, it being the intention of the parties hereto to convey to the party of the second part the remainder of the property herein described, provided the party of the first part fails to execute the within power." Then follows the usual habendum clause of a quit-claim deed, which concludes with the following language: " To have and to hold the said premises to the said party of the second part, her heirs and assigns, to the sole and only proper benefit and behoof of the said party of the second part, her heirs and assigns forever, subject to the reservation and power herein named."

October 9, 1883, Timothy Harty quit-claimed the premises to

George W. Driscoll, who on the same day quit-claimed them to Robert E. Drake, who on the same day quit-claimed them to said Timothy Harty. Said three deeds were duly recorded October 10, 1883. The court finds that no consideration existed or passed between the parties to either of said three deeds. Timothy Harty left five children, the plaintiff being one, who brings this action for partition, alleging that Timothy Harty died seized of the premises. Alice C. Doyle alone answered and alleged that she was the sole owner of the premises under the first-mentioned deed. The court held that a valid power was created by the clause, that it was well executed, and that Timothy Harty died seized of the premises, from which judgment Alice C. Doyle brought this appeal, which was heard upon a case which contained all of the evidence.

*Jay B. Kline*, for the appellant.

*M. E. Driscoll*, for the respondent.

FOLLETT, J.:

It is difficult to reconcile the granting part of the deed, which is absolute in its terms, and the provision quoted, and ascertain the extent of the interest or power, if any, actually reserved.

Before any effect can be given to these ambiguous sentences the intent of the parties must be ascertained, which may be searched for in the words of the instrument, in the relation of the parties and in the circumstances of the transaction. The granting part of the deed is absolute in terms. It is conceded that the grantor, at the date of the deed, was indebted to the grantee in the recited consideration, $1,735. The grantor was the father of the grantee, and they resided together on the premises. The provision quoted seems wholly repugnant to the grant; but if the intent of the parties can be ascertained, and it is not wholly inconsistent with the grant, it should be given effect. The first and second sentences of the provision are, in terms, inconsistent. The first sentence reserves to the grantee power to mortgage or convey all or any part of the premises; while the second declares it to be the intent of the parties to convey to the grantee the remainder of the property provided the grantor failed to execute the above power. What remainder? No remainder known to the law then existed or was

created by this deed.    A remainder necessarily rests on a preceding estate.    It is clear that neither the parties nor the draughtsman of the deed understood the legal signification of the word "remainder." This deed must have been executed for a purpose ; which, we think, was to pay or secure the indebtedness of the grantor to the grantee ; and by the word "remainder," that the parties, or their draughtsman, attempted to describe what would be left of the property after paying this indebtedness ; and that the power to mortgage or alienate all or any part of the premises was intended to be subject to the grantee's interest ; but if the power was not exercised, the grantee was to have the entire premises at the death of the grantor. This interpretation of this provision, which, as a whole, is repugnant to the grant, and the two sentences of which are repugnant to each other, saves the provision from condemnation as senseless and void, and seems to carry out what the parties should have, and probably did intend to effectuate.

The remaining question is, was the power well executed ? If the deed was executed for the purpose above declared, the attempt to deprive the grantee of her interest in the premises was a fraud. The power reserved was " to alienate or mortgage." The premises were not mortgaged, nor were they alienated, within the intent of the parties.    To alienate is to divest onesself of property or title, to transfer property from onesself to another.    (Abb. Law Dic. ; Whar. Law Dic.; Worcester's Dic.)    Timothy Harty did not, by the three deeds of October 9, 1883, divest himself of the premises, nor did he intend to ; but intended to destroy the interest of his daughter, and vest the entire estate in himself.    This was a fraudulent execution of the power, which was void in law and in equity.    (2 Sugden on Powers, 180, 181 ; Lewin on Trusts [8th ed.] 616.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.